CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 04 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DON W. MCKINNEY, | CASE NO. 7:11CV00576 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| COMMONWEALTH OF VIRGINIA, | By: James C. Turk |
| | Senior United States District Judge |
| Respondent. | |

Don W. McKinney, proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement at the Southwestern Virginia Mental Health Institute in Big Stone Gap, Virginia, pursuant to a state court order of involuntary commitment. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to demonstrate his exhaustion of state court remedies.[1]

I

McKinney states that he has been confined since October 1993, related to a past criminal charge on which he was found not guilty by reason of insanity. In his one-page petition, McKinney challenges the jurisdiction of the Wise County Circuit Court to issue orders concerning his confinement, since the original conduct for which he was charged occurred in Lee County. McKinney asserts that this court should order his release, based on this jurisdictional problem.

II

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition if it is clear from the petition that the petitioner is not entitled to the relief sought.

In Virginia, a person found not guilty by reason of insanity is committed, by circuit court order, to the temporary custody of the Commissioner of Mental Health, Mental Retardation and Substance Abuse Services ["the Commissioner"].  See Virginia Code § 19.2-182.2.  The Commissioner must conduct a thorough psychiatric evaluation of the individual and recommend to the court an appropriate course of action.  Thereafter, the circuit court conducts a hearing, pursuant to Va. Code § 19.2-182.3, to determine if the individual requires inpatient hospitalization.  If so, the court involuntarily commits the individual to the custody of the Commissioner, who has the discretion both to determine the appropriate facility for treatment and to make necessary transfers to other facilities without seeking court approval.  Va. Code § 19.2-182.4.  The circuit court must hold a hearing annually for the first five years after entry of the commitment order, and biennially thereafter, to review the individual's status and to assess the need for continued inpatient hospitalization.  § 19.2-182.5.  At this hearing, the court receives evidence from a clinical psychiatrist who has evaluated the individual.  The court must determine whether the individual needs continued inpatient hospitalization and enter another commitment order, or find that commitment is no longer warranted and order that the individual be released. Id.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition.  Slayton v. Smith, 404 U.S. 53 (1971).

In Virginia, a person confined pursuant to an involuntary commitment order under § 19.2-182.5 can challenge the validity of that commitment order by filing a petition for a writ of

2

habeas corpus in the circuit court that issued the judgment, with an appeal of an adverse decision to the Supreme Court of Virginia, or he can pursue such a petition in the Supreme Court of Virginia. See Miller v. Blalock, 356 F.2d 273, 274 (4th Cir. 1966) (noting Virginia court remedies available to challenge validity of confinement under an involuntary commitment order). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims concerning the validity of his commitment to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider his habeas claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In this case, the petition offers no indication that McKinney has filed a state court action challenging the validity of the commitment order under which he is presently confined. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). McKinney's failure to demonstrate his exhaustion of available state court remedies mandates summary dismissal of his petition by this court, pursuant to Rule 4. Moreover, it appears that McKinney's challenge to the validity of the commitment order issued by the Wise County Circuit Court is without merit, inasmuch as the Commissioner was not required to confine McKinney for treatment in a facility located in the jurisdiction where the original criminal charge arose. See § 19.2-182.4.

For the reasons stated, the court dismisses McKinney's § 2254 petition without prejudice. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 3rd day of January, 2012.

_____
Senior United States District Judge